UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Case No. 4:17-cv-2303 |
| v**.** | ) |
| | ) |
| ZUGRESS SECURITY SERVICES, INC. | ) |
| | ) |
| And | ) |
| | ) |
| HASAN TAHIROVIC, | ) |
| | )   Jury Trial Requested |
|     Defendants | ) |

## COMPLAINT

Plaintiff, by and through her counsel, brings this action for legal relief to redress the injuries done to her by defendants.  Plaintiff respectfully requests a jury trial on all claims herein.

1. This action is brought pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. §213.010 *et seq,* and the common law of the State of Missouri.

## PARTIES

2. At all times relevant to this matter, defendant Zugress Security Services, Inc., doing business in the State of Missouri as SEB, was an active New York corporation transacting business in the City of St. Louis Missouri, and was an employer within the meaning of Mo. Rev. Stat. §213.010 (7).[1]

3. On information and belief, defendant Hasan Tahirovic resides in St. Louis County, Missouri.

4. Plaintiff is a citizen of the State of Illinois residing in Centreville, Illinois.

---

[1] Hereinafter the names "SEB" and "Zugress" are used interchangeably to refer to defendant Zugress Security Services, Inc.

1

## VENUE AND JURISDICTION

5. The unlawful discriminatory practices complained of occurred in the City of St. Louis, Missouri.

6. The attack against Ms. Doe occurred in the City of St. Louis, Missouri.

7. The amount in controversy in this matter exceeds $75,000.

8. This Court has diversity jurisdiction over this matter under 28 U.S.C. §1332, as all parties are citizens of different states and the amount in controversy exceeds $75,000.

9. Venue is proper in this Court under 28 USC §1391, as all alleged actions of the defendants giving rise to these claims took place in this judicial district.

## GENERAL ALLEGATIONS

10. Ms. Doe applied for a security guard job with Zugress in May of 2016.

11. At the time Ms. Doe applied for the job with Zugress, she was employed by another security company.

12. Ms. Doe knew Zugress by the name under which it operates in Missouri, SEB.

13. Ms. Doe was hired as an armed security officer by SEB on May 17, 2016.

14. In reliance on her offer of employment with SEB, Ms. Doe quit her previous job.

15. At the time Ms. Doe was hired, the manager and/or supervisor of SEB's St. Louis operations was Mr. Hasan Tahirovic.

16. On June 7, 2016, Ms. Doe went to the SEB office in St. Louis at Mr. Tahirovic's request to complete required paper work for the job.

17. When Ms. Doe arrived at the office that day, Mr. Tahirovic requested that a male applicant/employee be allowed to go ahead of her and meet with Mr. Tahirovic.

18. Ms. Doe thought that this was strange because she had arrived at the office prior to the male applicant/employee, but complied with the request.

19. When Mr. Tahirovic finished meeting with the other individual, he told Ms. Doe to enter his office.

20. At this time, there was no one else in the office besides Mr. Tahirovic and Ms. Doe.

21. After a few minutes of discussing the job, paperwork, and licensing issues, Mr. Tahirovic brought out uniform shirts for Ms. Doe to try on.

22. Ms. Doe protested this request because she had already been issued uniform shirts by SEB and because the uniform shirts that Mr. Tahirovic gave her were visibly too small.

23. Mr. Tahirovic, however, insisted that Ms. Doe try the shirts on anyway.

24. Ms. Doe was uncomfortable with this situation, and agreed to try on the uniform shirt only over the shirt that she was already wearing.

25. When Ms. Doe pointed out to Mr. Tahirovic that the uniform was too small, he proceeded, under the guise of helping her into the uniform, to grope her breasts.

26. While Mr. Tahirovic groped her breasts, he made lewd and sexually suggestive comments to her such as "Are these real?," in reference to her breasts.

27. Mr. Tahirovic then pulled Ms. Doe's shirt up and began to touch and kiss her chest.

28. Ms. Doe pushed Mr. Tahirovic away and asked "What are you doing?."

29. Mr. Tahirovic did not react to Ms. Doe's resistance to his advances; instead he continued to grope her.

30. At this time, Ms. Doe froze in shock.

31. Ms. Doe is a previous victim of sexual assault.

32. Mr. Tahirovic then proceeded to forcefully grab Ms. Doe's head and force her to perform oral sex on him.

33. After he forced her to perform oral sex on him, Mr. Tahirovic raped Ms. Doe vaginally from behind.

34. While Mr. Tahirovic was raping Ms. Doe, he slapped her buttocks and continued to make sexually degrading comments to Ms. Doe, such as that he "liked big girls," that he had "never been with a black girl," and he asked her if she liked his penis.

35. When he was finished raping Ms. Doe, Mr. Tahirovic forced her to watch him masturbate until he ejaculated.

36. At that point, Mr. Tahirovic apologized to Ms. Doe, gave her a towel to clean herself up with, and told her that something like that had "never happened before."

37. Ms. Doe then left the office in shock about what had just occurred.

38. After she left the office, Ms. Doe told her boyfriend that she had been sexually assaulted by Mr. Tahirovic.

39. Ms. Doe's boyfriend told her to call the police and make a report, but Ms. Doe did not do so immediately because of the fear and anxiety that she was experiencing from the attack and because of her desire not to revisit the incident.

40. Ms. Doe did later make a report to the police regarding the attack.

41. Due to the fact that she needed the income, Ms. Doe tried to put the incident behind her and go to work for SEB a few days after the attack.

42. On the first day of her job with SEB, she realized that Mr. Tahirovic would be training her.

43. Upon realizing that Mr. Tahirovic would be training her, Ms. Doe finished her first day and afterwards never returned to work for SEB.

44. Ms. Doe did not return to work at SEB because of the immense psychological and emotional trauma that it caused her to have to interact again with her attacker, Mr. Tahirovic.

45. Before the attack by Mr. Tahirovic, Ms. Doe suffered from depression and anxiety and had been speaking with a counselor for over a year.

46. The assault at the hands of Mr. Tahirovic has severely exacerbated these conditions.

47. Since the assault, Ms. Doe has been hospitalized for panic attacks and has been prescribed medication to help with her anxiety.

48. Since the assault, Ms. Doe has suffered immense physical, emotional, and psychological trauma related to the attack.

49. Since the assault, Ms. Doe has sought counseling to assist her in dealing with the attack.

50. Ms. Doe continues to experience anxiety and fear related to the attack.

51. The trauma caused by the attack causes Ms. Doe to become extremely anxious when she thinks of continuing to work in security and has left her unable to work in that industry any longer.

52. Ms. Doe filed a timely charge of discrimination against SEB, alleging a violation of the Missouri Human Rights Act, with the Missouri Commission on Human Rights ("MCHR").

53. Ms. Doe was issued a Notice of Right to Sue from the MCHR, and timely initiated litigation within ninety days of such issuance.

54. As a further result of defendants' actions, Ms. Doe has suffered severe emotional distress, pain and suffering, embarrassment, and humiliation.

55. Defendants' aforementioned unlawful conduct was extreme and outrageous because of defendants' evil motive and reckless indifference to the statutorily protected rights of Ms. Doe.

56. As a further result of the acts of the defendants, Ms. Doe has incurred and will continue to incur attorneys' fees, costs and expenses.

## COUNT I
### Violation of the MHRA
### Against Defendant Zugress

57. All of the preceding allegations are incorporated as if fully alleged herein.

58. Ms. Doe is a female.  She is a member of a protected class pursuant to Missouri Revised Statute §213.055.1(1).

59. Defendant Zugress Security Services, Inc., doing business in the State of Missouri as SEB, is an active New York corporation transacting business in the City of St. Louis, Missouri, and was an employer within the meaning of Mo. Rev. Stat. §213.010 (7).

60. Ms. Doe was employed by SEB as an armed security officer in St. Louis, Missouri.

61. On June 7, 2016, during a meeting with SEB manager and/or supervisor Hasan Tahirovic, Ms. Doe was sexually harassed, degraded, assaulted, and raped by Mr. Tahirovic.

62. Mr. Tahirovic's actions towards Ms. Doe injured her mentally and emotionally to the point that she was no longer able to continue her employment with SEB.

63. The actions Ms. Doe endured were so outrageous and despicable that no individual could be reasonably expected to continue working at SEB under such conditions.

64. Ms. Doe was constructively discharged from her position with SEB.

65. In violation of the MHRA, Ms. Doe was constructively discharged because she is female.

66. In violation of the MHRA, Ms. Doe's sexual assault occurred at the hands of SEB's manager and/or supervisor because she is female.

67. In violation of the MHRA, Zugress failed to train and supervise Mr. Tahirovic in a manner that adequately protects female applicants and employees, like Ms. Doe, from sexual assault.

68. SEB's violations of the MHRA were willful and malicious.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this honorable Court enter judgment in her favor and against defendant SEB, and award:

   a.   such damages as are fair and reasonable, including lost wages and other benefits of employment,

   b.   compensatory damages,

   c.   punitive damages,

   d.   pre-judgment and post-judgment interest,

   e.   attorney's fees and costs, and

   f.   such additional relief as may be just and proper under the circumstances.

## COUNT II
### Violation of the MHRA
### Against Defendant Tahirovic

69. All of the preceding paragraphs are incorporated as if fully alleged herein.

70. Defendant Hasan Tahirovic was employed by SEB as a manager and/or supervisor . On information and belief, he was the highest authority for SEB in St. Louis, Missouri.

71. Defendant Zugress does business in the State of Missouri, under the name of SEB, and is an employer within the meaning of Mo. Rev. Stat. §213.010 (7).

72. The Missouri Human Rights Act defines employer as "…any person employing six or more persons within the state, and any person directly acting in the interest of an employer…" Mo. Rev. Stat. § 213.010.7

73. Defendant Tahirovic in his role as a manager and/or supervisor directly acted in the interest of SEB.

74. Ms. Doe is a female.  She is a member of a protected class pursuant to Mo. Rev. Stat. §213.055.1(1).

75. Ms. Doe was employed by SEB as an armed security officer in St. Louis, Missouri.

76. On June 7, 2016, during a meeting with defendant Hasan Tahirovic, Ms. Doe was sexually harassed, degraded, assaulted, and raped by Mr. Tahirovic.

77. Mr. Tahirovic's actions towards Ms. Doe injured her mentally and emotionally to the point that she was no longer able to continue her employment with SEB.

78. The actions Ms. Doe endured at the hands of Mr. Tahirovic were so outrageous and despicable that no individual could be reasonably expected to continue working at SEB under such conditions.

79. Ms. Doe was constructively discharged from her position with SEB because of the actions of Mr. Tahirovic.

80. In violation of the MHRA, Ms. Doe was constructively discharged because she is female.

81. In violation of the MHRA, Ms. Doe's sexual assault occurred at the hands of Mr. Tahirovic because she is female. Mr. Tahirovic aided and abetted SEB in its violations of the MHRA within the meaning of R.S.Mo. §213.070.

82. Mr. Tahirovic's violations of the MHRA were willful and malicious.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this honorable Court enter judgment in her favor and against defendant Hasan Tahirovic, and award:

    a.    such damages as are fair and reasonable, including lost wages and other benefits of employment,

    b.    compensatory damages,

    c.    punitive damages,

    d.    pre-judgment and post-judgment interest,

    e.    attorney's fees and costs, and

    f.    such additional relief as may be just and proper under the circumstances.

## COUNT III
### Assault and Battery
### Against Defendant Tahirovic

83. All of the preceding paragraphs are incorporated as if fully alleged herein.

84. Mr. Tahirovic sexually attacked Ms. Doe by groping her breasts and kissing her body against her will, forcing her to perform oral sex on him, raping her vaginally, and slapping her buttocks on June 7, 2016.

85. These actions demonstrate that Mr. Tahirovic did touch and strike the body of another individual, Ms. Doe.

86. Mr. Tahirovic's actions towards Ms. Doe were both harmful and highly offensive.

87. Mr. Tahirovic performed these acts intentionally, willfully, and maliciously.

88. Ms. Doe did not consent to any of these acts.

89. None of Mr. Tahirovic's actions towards Ms. Doe were otherwise privileged.

90. Mr. Tahirovic's actions caused immense physical, mental, and emotional pain and trauma to Ms. Doe and forced to her to be constructively discharged from her job.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this honorable Court enter judgment in her favor and against defendant Hasan Tahirovic, and award:

a.   such damages as are fair and reasonable, including lost wages and other benefits of employment,

b.   compensatory damages,

c.   punitive damages,

d.   pre-judgment and post-judgment interest, and

e.   such additional relief as may be just and proper under the circumstances.

### COUNT IV
**Intentional Infliction of Emotional Distress**
**Against Defendant Tahirovic**

91. All of the preceding paragraphs are incorporated as if fully alleged herein.

92. Mr. Tahirovic sexually attacked Ms. Doe by groping her breasts and kissing her body against her will, forcing her to perform oral sex on him, raping her vaginally, and slapping her buttocks, as well as making sexually explicit and demeaning remarks to her, on June 7, 2016.

93. Mr. Tahirovic's conduct of sexually attacking and demeaning Ms. Doe was extreme, outrageous, and beyond all possible bounds of decency.

94. When Mr. Tahirovic sexually attacked and demeaned Ms. Doe, he acted intentionally.

95. Mr. Tahirovic's conduct of sexually attacking and demeaning Ms. Doe caused Ms. Doe severe emotional distress.

96. The severe emotional distress caused by Mr. Tahirovic's attack is medically diagnosed and medically significant and has led to Ms. Doe being hospitalized, receiving medication, and receiving counseling.

97. Ms. Doe continues to deal with the severe emotional distress caused by the sexual attack perpetrated by Mr. Tahirovic.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this honorable Court enter judgment in her favor and against defendant Hasan Tahirovic, and award:

a. such damages as are fair and reasonable, including lost wages and other benefits of employment,

b. compensatory damages,

c. punitive damages,

d. pre-judgment and post-judgment interest, and

e. such additional relief as may be just and proper under the circumstances.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax:   (314) 727-6804


/s/ Nathan K. Gilbert
SHERRIE A. HALL, #40949
NATHAN K. GILBERT, #68093

Attorneys for Plaintiff

11

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 24, 2017, the foregoing was electronically filed with the Clerk of Court to be served upon:

Hasan Tahirovic
9444 Green Park Gardens Dr., Apt. D
St. Louis, Missouri 63123

Zugress Security Services, Inc.
c/o CSC Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, Missouri 65101

                                                              /s/ Nathan K. Gilbert