UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
| Vs. ) | Case No. 4:17-CV-2303 |
|   ) | |
| ZUGRESS SECURITY SERVICES, INC. ) | JURY TRIAL DEMANDED |
| and HASAN TAHIROVIC, ) | |
|   ) | |
|   Defendants. ) | |

## HASAN TAHIROVIC'S ANSWER TO PLAINTIFF'S FIRST AMDENDED COMPAINT AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, Hasan Tahirovic, by and through the undersigned counsel, and for his Answer to Plaintiff's First Amended Complaint states as follows:

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 1.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 2.

3. Admit.

4. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 4, and therefore denies the same.

### VENUE AND JURISDICTION

5. Defendant denies that any unlawful discriminatory practices occurred.

6. Defendant denies that any attack against Ms. Doe occurred.

7. Admit.

8. Admit.

9. Admit.

## GENERAL ALLEGATIONS

10. Admit.

11. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 11, and therefore denies the same.

12. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 12, and therefore denies the same. Defendant admits that it operates under the name "SEB" in Missouri.

13. Defendant admits that Plaintiff was hired as an armed security officer, but denies that the date of hire was May 17, 2016.

14. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 14, and therefore denies the same.

15. Admit.

16. Admit.

17. Deny.

18. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 18, and therefore denies the same.

19. Deny.

20. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 20, and therefore denies the same.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 31, and therefore denies the same.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 38, and therefore denies the same.

39. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 39, and therefore denies the same.

40. Defendant admits that he is aware of a police report made by Ms. Doe containing allegations against Defendant. Defendant denies any inference in Paragraph 40 that there was an "attack."

41. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 41, and therefore denies the same.

42. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 42, and therefore denies the same.

43. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 43, and therefore denies the same.

44. Deny.

45. Upon information and belief, Defendant admits that the Plaintiff suffered from depression and anxiety and was receiving treatment for those conditions for over a year prior to applying for employment with Zugress Security Services, Inc. Defendant denies any implication in Paragraph 45 that there was an "attack."

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 52.

53. Paragraph 53 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 53.

54. Deny.

55. Deny.

56. Deny.

## COUNT I

57. Defendant hereby incorporates the above Answers as though fully set forth herein.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 58.

59. Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 59.

60. Admit.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

## COUNT II

69. Defendant hereby incorporates the above Answers as though fully set forth herein.

70. Defendant admits that Mr. Tahirovic was employed by SEB as a supervisor. Defendant denies that Mr. Tahirovic was the "highest authority for SEB in St. Louis."

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71.

72. Paragraph 72 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 72.

73. Deny.

74. Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 74.

75. Admit.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

## COUNT III

83. Defendant hereby incorporates the above Answers as though fully set forth herein.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91.

## COUNT IV

92. Defendant hereby incorporates the above Answers as though fully set forth herein.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

WHEREFORE, having fully answered all allegations set forth in the Petition, Defendant, Hasan Tahirovic, prays to be dismissed hence with its costs herein expended, and such other relief that the Court deems just and proper.

## **AFFIRMATIVE DEFENSES TO ALL COUNTS**

A. For further answer and as an affirmative defense, Defendant states that Plaintiff has failed to state a claim on which relief may be granted.

B. For further answer and as an affirmative defense, Defendant states that Plaintiff was not subject to an adverse employment action because of membership in any protected class of persons.

C. For further answer and as an affirmative defense, Defendant states that any actions taken with respect to Plaintiff were done with business justification and because of business necessity. Specifically, Defendants' decisions with respect to Plaintiff's employment were motivated by reasonable, legitimate and non-discriminatory reasons based on Plaintiff's failure to maintain the required license to work as an armed security officer.

D. For further answer and as an affirmative defense, Defendant states that the Plaintiff voluntarily terminated her own employment with Defendant.

E. For further answer and as an affirmative defense, Defendant states, no causal connection exists between any protected activity/class membership and any alleged employment action taken with respect to Plaintiff.

F. For further answer and as an affirmative defense, Defendant states that any damages that Plaintiff allegedly sustained was the direct result of Plaintiff's failure to mitigate those damages. Plaintiff failed to promptly obtain comparable employment after her alleged constructive discharge and/or has failed to maintain comparable employment.

G. For further answer and as an affirmative defense, Defendant states that he is not an employer as defined by the Missouri Human Rights Act.

H. For further answer and affirmative defense, Defendant states that Plaintiff failed to exhaust the administrative remedies which are a statutory prerequisite to the filing of suit.

I. Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and Article I, § 10, Article I, § 19, Article I, § 18a, Article I, § 21, and Article I, § 2 of the Missouri Constitution, in the following particulars:

1. Claims for punitive damages violate the Fifth Amendment for the following reasons:

   i. The Double Jeopardy Clause is violated because multiple awards of damages based on aggravating circumstances can be imposed upon the Defendant for the same act or omission, and because an award of damages based on aggravating circumstances can be imposed upon the Defendant even though

    the Defendant was not convicted, or was acquitted of a factually-related offense in an underlying criminal proceeding;

  ii. The protection against self-incrimination is violated because the Defendant can be compelled to give testimony against themselves.

2. Plaintiffs' claim for punitive damages violates the Sixth and Fourteenth Amendments because punitive damages may be imposed by less than a unanimous jury and based upon a burden of proof applicable in civil cases; whereas punitive damages are a fine or penalty and are quasi-criminal in nature.

3. Plaintiffs' claim for punitive damages violates the Defendant's right of access to the Court guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right.

4. Plaintiffs' claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed.

5. Plaintiffs' claim for punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment for the following reasons:

  i. The standards or tests for determining the requisite mental state of the Defendant for imposition of punitive damages are void for vagueness;

  ii. Insofar as punitive damages are not measured against actual injury to the Plaintiffs, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of damages that may be awarded.  Moreover, the amount of damages that may be awarded is indeterminate at the time of the Defendant's alleged conduct.

      iii.    In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant.

      iv.    The tests or standards for the imposition of punitive damages differ from state to state such that the specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may be imposed in differing amounts, depending upon the state in which suit is filed, so that the Defendant is denied equal protection of the law.

      v.    Punitive damages may be imposed without a requisite showing of hatred, spite, ill will, or wrongful motive.

J.    Defendant specifically denies that its conduct was outrageous, willful, or with reckless disregard for the rights of Plaintiff so as to justify the imposition of punitive damages, and calls for proof of such alleged misconduct by clear and convincing evidence.

K.    Defendant hereby gives notice that it intends to rely upon other affirmative defenses that discovery in these proceedings reveals may be applicable, and hereby reserves the right to amend this Answer to assert such affirmative defenses.

WHEREFORE, having fully answered all allegations set forth in the Petition, Defendant, Hasan Tahirovic, prays to be dismissed hence with its costs herein expended, and such other relief that the Court deems just and proper.

                    BROWN & JAMES, P.C.

                    /s/Timothy J. Wolf  
                    Timothy J. Wolf, # 53099 (MO)  
                    800 Market Street, Suite 1100  
                    St. Louis, Missouri 63101-2501  
                    (314) 421-3400 Telephone  
                    (314) 421-3128 Facsimile  
                    twolf@bjpc.com  
                    *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system, this 30th day of October, 2017, on the counsel of record listed below.

Nathan Gilbert  
Hammond and Shinners, P.C.  
7730 Carondelet, Suite 200  
St. Louis, Missouri 63105  
ngilbert@hammondshinners.com  
*Attorney for Plaintiff*

                    /s/Timothy J. Wolf