**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ZUGRESS SECURITY SERVICES, INC., )<br>et al. )<br>)<br>      Defendants ) | Case No. 4:17-cv-2303-SNLJ |

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO PARTIALLY QUASH
AND COMPEL DEPOSITIONS SUBJECT TO CERTAIN CONDITIONS**

Plaintiff has requested that this Court partially quash the depositions of plaintiff Doe and her husband, subject to certain conditions, and partially compel the deposition of defendant Tahirovic, subject to a condition. In support of this motion, plaintiff states as follows:

**I.     Facts**

Plaintiff brought this suit pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. §213.010 et seq, and the common law of the State of Missouri, regarding the sexual assualt that plaintiff suffered at the hands of defendant Tahirovic who was employed by defendant Zugress Security Services, Inc. ("Zugress").  Plaintiff filed this action under a pseudonym due to the nature of the allegation (sexual assault) and to protect her identity.

Plaintiff filed suit in this matter on August 24, 2017. [Doc. 1]. On August 30, 2017, plaintiff's counsel requested that defendants' counsel provide him with dates on which the deposition of defendant Tahirovic could be taken after the anticipated scheduling conference.

Affidavit of Nathan Gilbert, ¶2, Exhibit A to Gilbert Aff. Defendants' counsel did not provide any dates at that time. Gilbert Aff. ¶3.

Upon receiving no dates from the defendant for over a month after the August e-mail, on October 9, 2017, plaintiff's cousel again requested that defendants' counsel provide dates on which the deposition of defendant Tahirovic could be taken following the scheduling conference. Gilbert Aff. ¶4, Exhibit B to Gilbert Aff.  Defendants' counsel responded to the October request by stating that defendants preferred to complete "interior discovery" before taking party depositions.  Gilbert Aff. ¶5, Exhibit B to Gilbert Aff.  Plaintiff's cousel never agreed to this proposal and defendants' counsel, at the time, did not provide any dates for the deposition of defendant Tahirovic. Gilbert Aff. ¶6.

The scheduling conference in this matter occurred on November 20, 2017. [Doc. 21]   On December 18, 2017, plaintiff's counsel sent plaintiff's required Rule 26 disclosures to defendants' counsel, along with its first set of interrogatories and first set of requests for the production of documents for each of the defendants. Gilbert Aff. ¶7, Exhibit C to Gilbert Aff. Upon defendants' continued failure to provide any dates for the requested deposition, on January 5, 2018, for the third time, plaintiff's counsel requested dates from defendants' counsel on which to take the deposition of defendant Tahirovic. Gilbert Aff. ¶8, Exhibit D to Gilbert Aff. In the January 5 email, plaintiff's counsel proposed that the deposition take place during the weeks of February 5 though 9 or February 12 through 16.  Gilbert Aff. ¶9, Exhibit D to Gilbert Aff. Ten days later, defendants' counsel responded to this email and stated that he would follow up with his client and respond to plaintiff's counsel that week regarding depositions. Gilbert Aff. ¶10, Exhibit E to Gilbert Aff. In his response, defendants' counsel also stated that he wanted to

depose the plaintiff and her husband at the same time that defendant Tahirovic's deposition was taken. Gilbert Aff. ¶11, Exhibit E to Gilbert Aff.  This is despite the fact that, at that time, defendants had yet to propound any written discovery at all, i.e., any "interior" discovery. Gilbert Aff. ¶12.

### Depositions Here At Issue

After continued communications, defendants served notices of video deposition for Mrs. Doe and her husband on plaintiff's counsel on January 23, 2018. Gilbert Aff. ¶13. These depositions are scheduled to be taken at the office of defendants' counsel on Thursday, February 15, 2018, and the notices state that the depositions are to be video recorded. Gilbert Aff. ¶14, Exhibit F to Gilbert Aff.

On January 29, 2018, plaintiff's counsel sent to defendants' counsel an amended notice of deposition for defendant Hasan Tahirovic. Gilbert Aff. ¶15, Exhibit G to Gilbert Aff. This deposition is scheduled to take place on February 13, 2018 at the office of defendants' counsel. Gilbert Aff. ¶16, Exhibit G to Gilbert Aff. Defendant's counsel has previously noted that he was agreeable to producing his client at that date, time, and location. Gilbert Aff. ¶16

At this time, plaintiff's responses to defendants' document requests and interrogatories are due on February 15, 2018, the same date as the scheduled depositions of the plaintiff and her husband. Gilbert Aff. ¶17. However, plaintiff's counsel fully expects to need an extension of time to respond to these requests.  This is not remarkable:  Defendants requested an extension to respond to plaintiff's discovery, and such request for extension was granted by plaintiff without objection. Gilbert Aff. ¶18.  Plaintiff's counsel has communicated this likely need for an extension of time to defendant's counsel. Gilbert Aff. ¶18, Exhibit I to Gilbert Aff.

3

**Argument**

As an initial matter, plaintiff does not object to the above depositions of plaintiff, her husband, or defendant Hasan Tahirovic taking place on the scheduled dates and times. Rather, plaintiff strenuously objects to a number of the conditions that have been placed on these depositions by the defendants and prays that this Court will enter an order quashing the conditions on these depositions. Plaintiff's counsel has contacted defendants' counsel regarding a solution to these issues, but has been unable to elicit a response. Gilbert Aff. ¶¶ 19-20, Exhibit H to Gilbert Aff. Plaintiff's counsel also called defendants' counsel twice on Monday, January 29, 2018 in an attempt to discuss this matter, but was unable to reach him, despite leaving a voicemail. Gilbert Aff. ¶ 21.

First, defendants have scheduled the depositions of plaintiff and plaintiff's husband to take place at the office of defendants' counsel. This is despite the fact that it is standard practice for depositions of plaintiff and plaintiff's witnesses to be taken at the office of plaintiff's counsel, and despite the fact that plaintiff's counsel has agreed to depose defendant Tahirovic at the office of defendant's counsel, again in accordance with standard practice. Thus, defendants have proposed that all three depositions currently scheduled in this matter be taken at the office of defendants' counsel. That is unreasonable, particularly given the highly emotional nature of the depositions, since plaintiff will have to discuss in detail the defendant's brutal sexual assault on her, and plaintiff's husband will have to discuss how this assault has impacted her and them. Plaintiff now prays that this Court order the depositions of plaintiff and her husband to take place at the presently scheduled date and time, but at the office of plaintiff's counsel.

Second, defendants have noticed the deposition of plaintiff and her husband to be video

4

recorded. This is highly inappropriate in a case such as this. This case involves a graphic sexual assault which has caused plaintiff immense physical and emotional distress. Reliving this event in her deposition will be traumatic enough to plaintiff without being forced to be videotaped while recounting the details of her rape. This Court has already recognized the special circumstances of this case in allowing plaintiff to proceed under a pseudonym. [Doc. 26]. In its order granting that motion, this Court noted that this case involved allegations of a "sensitive, and highly personal nature." *Id*. Allowing the videotaping of her deposition flies in the face of the protection provided to the plaintiff by this Court's order regarding proceeding under pseudonym, and is highly, and unnecessarily, intimidating to the plaintiff. Plaintiff now requests that this Court enter an order forbidding the videotaping of this deposition.

Third, plaintiff has attempted to work with defendants to schedule her deposition and the deposition of her husband on a date when she would have sufficient time to respond to the discovery which was propounded by the defendant less than a month ago. Gilbert Aff. ¶17. Despite these attempts, defendants have insisted on proceeding with these depositions despite being informed by plaintiff's counsel that it is highly unlikely that plaintiff's responses to discovery will be completed by that time. Gilbert Aff. ¶17-18, Exhibit I to Gilbert Aff. As such, plaintiff does not seek to quash the occurrence of these depositions on February 15, but rather seeks an order from this Court stating that, because defendant insists on taking these depositions at a time when the discovery responses are unlikely to be completed, defendant will not be permitted to reopen these depositions at a later date regarding the discovery responses. It is only reasonable that if defendants demand to take theses depositions at this time, then they be required to live with the consequences thereof, namely that responses to their discovery are

5

unlikely to be completed.

Finally, based upon the graphic nature of this case and the emotionally fragile state of the plaintiff, especially when she will be asked to recount her rape, plaintiff has made the completely reasonable request that she be allowed to have her husband accompany her and sit with her during her deposition and the deposition of her alleged rapist, defendant Tahirovic. Plaintiff's counsel has relayed this request to defendants' counsel and has received no response.  Gilbert Aff. ¶¶20-21, Exhibit H to Gilbert Aff.  Plaintiff now seeks an order from this court that Ms. Doe's husband will be allowed to attend both of those depositions as emotional support during this extremely distressing time for his wife.

### Certification of Good Faith Attempt to Resolve

As demonstrated above and in the attached affidavit and exhibits, plaintiff has attempted in good faith to resolve these issues, but has been unable to obtain defendants' consent for the requests contained herein. After sincere efforts to resolve this matter, court action is now the only manner in which to resolve these issues.

Respectfully Submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Road, Suite 210
St. Louis, MO 63131
Phone: (314) 727-1015
Fax: (314) 727-6804
E-mail: ngilbert@hammondshinners.com

/s/ Nathan K. Gilbert
Nathan K. Gilbert, #68093MO
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed on this 30th day of January, 2018 and served on all parties through the court's electronic filing system.


s/ Nathan K. Gilbert_____