UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE,                )<br>                          )<br>            Plaintiff,      )<br>                          )      Case No. 4:17-cv-2303-SNLJ<br>v.                        )<br>                          )<br>ZUGRESS SECURITY SERVICES, INC.,  )<br>et al.                    )<br>                          )<br>            Defendants    ) | |

## JOINT PROPOSED PROTECTIVE ORDER

The parties to this action, Plaintiff Jane Doe ("Plaintiff") and Defendants Zugress Security Services, Inc., and Hasan Tahirovic ("Defendants") (collectively "Parties"), by their respective counsel, hereby agree as follows:

1. The parties agree that certain documents, materials, and information produced in this matter may designated as "CONFIDENTIAL".  To the extent the Parties disagree with a "CONFIDENTIAL" designation, such party shall inform the other party of the disagreement in an effort to resolve the disagreement prior to resorting to the provisions of paragraph 7 hereof.

2. The Parties may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

3. Any writing designated as "CONFIDENTIAL" by the Parties may, but is not required to, be stamped with the word "CONFIDENTIAL" on the face of the writing.

4. Confidential Information shall include the following, whether or not bearing a "CONFIDENTIAL" stamp, and whether in the form of documents, testimony, or other information:

(a) Any and all personnel, medical, psychological, police, or investigational files and, due to the highly sensitive nature of this matter, personally identifying information (name, address, telephone number, social security number, etc.) relating to the Plaintiff, or any member of Plaintiff's family;

(b) Statutorily defined trade secrets;

(c) Non-public vendor information and financial, customer (including addresses, telephone numbers and other identified confidential information pertaining to customers), strategic, and product information about Defendant's business;

(d) Information Defendants are required to keep private by applicable law or regulations; and

(e) Defendants' employee files and claim investigation files.

Collectively, this information is referred to as "Confidential Information" herein.

5. Except upon prior written consent of the party producing Confidential Information or upon further order of a court of competent jurisdiction, Confidential Information shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to Confidential Information shall be limited to the following:

(a) The individual Plaintiff and Defendant Hasan Tahirovic;

(b) Officers or employees of the corporate defendant who have a reasonable business need to review such documents, testimony, information or material; and

(c) Counsel for the respective parties, including in-house counsel, co-counsel, and employees of said counsel who are assisting in the prosecution or defense of this litigation;

(d) Experts retained by and/or consulting the parties regarding this litigation;

(e) Witnesses and potential witnesses identified through discovery who have a reasonable need to review the Confidential Information for purposes of this litigation and who are informed that the Confidential Information is subject to this Protective Order.

6. Except as otherwise provided for in this Protective Order, all Confidential Information shall remain in the sole possession of counsel for the Parties, and be stored in a secure place.

7. If the Parties object to the designation of any Confidential Information, they may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. Unless and until the Court enters an order to the contrary, Confidential Information shall be treated as confidential as provided for in this Protective Order.

8. Should any party hereto seek to use any Confidential Information in a public filing or at trial or at a hearing in this matter, such party shall confer with counsel for the opposing party in an effort to agree upon a procedure to ensure the confidentiality of Confidential Information. In the event counsel are unable to reach an agreement, the matter will be submitted to the Court for a decision.

9. After the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

10. Pursuant to FRE 502(d) and (e), the Parties agree to protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The inadvertent disclosure or production of any document protected by the attorney-client privilege and/or the work product doctrine shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document.

(b) If, during the course of this litigation, a party determines that a document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i) the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; and (C) specifically identify the Protected Documents by Bates number range.

(ii) If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.

(c) If, during the course of this litigation, a party determines it has produced a Protected Document:

(i) the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly

4

followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.

        (ii)     The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

        (d)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth herein, then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

        (e)     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

     (i) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

     (ii) the disclosure of the Protected Documents was not inadvertent;

     (iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

     (iv) the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to the Federal Rules of Civil Procedure, or otherwise.

  (f) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

  (g) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

  11. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

12. By operation of the Parties' agreement, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

Respectfully submitted,

| | |
|---|---|
| **HAMMOND and SHINNERS, P.C.** | **BROWN & JAMES, P.C.** |
| */s/ Nathan K. Gilbert* | */s/ Timothy J. Wolf* (w/consent) |
| NATHAN K. GILBERT, #68093MO | TIMOTHY J. WOLF, #53099MO |
| 13205 Manchester Road, Suite 210 | 800 Market Street, Suite 1100 |
| St. Louis, MO 63131 | St. Louis, MO 63101 |
| Phone: (314) 727-1015 | Phone: (314) 421-3400 |
| Fax:   (314) 727-6804 | Fax:   (314) 421-3128 |
| ngilbert@hammondshinners.com | twolf@bjpc.com |
| Attorneys for Plaintiffs | Attorneys for Defendant |